# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY JOHN CARACCI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>HABEAS CORPUS,<br><br>　　　　　Respondent. | Case No. CV 13-8224-JEM<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

## INTRODUCTION

On October 30, 2013, Tony John Caracci ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 ("Petition") in the Eastern District of California. On November 4, 2013, the Petition was transferred to this Court.

On January 21, 2014, Respondent filed a Motion to Dismiss the Petition ("Motion to Dismiss"), arguing that the Petition should be dismissed on the grounds that all of the claims are unexhausted and no proper respondent is named. Petitioner did not file an Opposition to the Motion to Dismiss, despite the fact that the Court *sua sponte* extended the deadline for him to do so.

The matter is ready for decision. For the reasons set forth below, the Petition is dismissed without prejudice as fully unexhausted.

## PRIOR PROCEEDINGS

In Los Angeles County Superior Court case number NA089085, a jury found Petitioner guilty of two counts of first degree residential burglary (Cal. Penal Code § 459) and one count of receiving stolen property (Cal. Penal Code § 496(a)). Petitioner also admitted that he had been convicted of a serious felony within the meaning of the Three Strikes Law (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)). On September 28, 2011, Petitioner was sentenced to a total term of 18 years and four months in state prison. (Respondent's Lodged Document ("LD") 1, 2.)

On direct review, the California Court of Appeal modified Petitioner's fines and fees, but otherwise affirmed the judgment, on January 3, 2013. (LD 2.)

The public docket indicates that Petitioner did not file a petition for review in the California Supreme Court ("CSC"). (See http://appellatecases.courtinfo.ca.gov; see also Petition at 3; Motion to Dismiss at 3.)

Petitioner filed a habeas petition in the California Court of Appeal, case number B253251, which was denied on January 23, 2014. However, Petitioner does not appear to have filed a habeas petition in the CSC. (See http://appellatecases.courtinfo.ca.gov.)

## DISCUSSION

**I. THIS ACTION SHOULD BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES**

**A. Applicable Law**

As a matter of comity, a federal court will not grant habeas relief to a petitioner held in state custody unless he has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Baldwin v.

Reese, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust available state remedies before seeking federal habeas relief).

Exhaustion requires that the petitioner's contentions be "fairly presented" to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been "fairly presented" unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which the claim is based. Gray v. Netherland, 518 U.S. 152, 162-163 (1996); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). Thus, a claim is unexhausted where the petitioner did not fairly present either the factual or the legal basis for the claim to the state's highest court. See Picard v. Conor, 404 U.S. 270, 275 (1971).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972); Werts v. Vaughn, 228 F.3d 178, 192 (3rd Cir. 2000). "'The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals.'" Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (quoting Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)).

A petition containing solely unexhausted claims is subject to immediate dismissal. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obligated immediately to dismiss petition containing no exhausted claims); see also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

/ / /

### B. All of Petitioner's Claims Are Unexhausted

As noted above, Petitioner did not file a petition for review or a habeas petition in the CSC. Accordingly, none of the claims in the Petition have been disposed of on the merits by the CSC. In sum, the Petition is fully unexhausted and the Court is obliged to dismiss it immediately.[1] See Jiminez, 276 F.3d at 481; see also Rasberry, 448 F.3d at 1154.[2]

### CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

---

[1] The Court notes that the Petition is not a "mixed" petition. A federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed" petition, and the Court must dismiss it in its entirety without prejudice. See Rhines v. Weber, 544 U.S. 269, 274 (2005). But before doing so, a court must give the petitioner an opportunity to delete the unexhausted claim(s) and proceed with the exhausted claim(s). See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). Here, Petitioner has not exhausted any of his claims for relief; therefore, the Court need not offer Petitioner the opportunity to amend his Petition. Even if the Court gave Petitioner this option, Petitioner could not properly amend the Petition because he has not exhausted a single claim.

Furthermore, although the Petition is dismissed without prejudice to refiling after exhaustion, the Court admonishes Petitioner that any new petition would be subject to the statute of limitations in 28 U.S.C. Section 2244(d). Although 28 U.S.C. Section 2244(d)(2) tolls the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review," the limitations period is not tolled while a federal petition is pending. Duncan v. Walker, 533 U.S. 167, 176-78, 181 (2001). The Court makes no finding as to the specific time that the statute of limitations would expire on Petitioner's federal habeas claims.

[2] In light of the Court's conclusion that the Petition is fully unexhausted, the Court need not reach Respondent's remaining contentions.

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

Given the fact that the Petition is clearly fully unexhausted, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478. Accordingly, the court finds that a COA must be denied with respect to the instant Petition.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus **(Document No. 14)** is hereby **granted**.

2. Judgment shall be entered dismissing the Petition for Writ of Habeas Corpus without prejudice to Petitioner's right to file a new petition after he has exhausted state remedies as to all claims raised therein.

3. A Certificate of Appealability is **denied**.

DATED: March 28, 2014                    */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE